IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-21,005-02, WR-21,005-03, WR-21,005-04 & WR-21,005-05




EX PARTE LESTER LEROY BOWER, JR.




ON APPLICATION FOR WRIT OF HABEAS CORPUS 
 FROM CAUSE NOS. 33426, 33427, 33428, AND 33429
IN THE 15TH JUDICIAL DISTRICT COURT
GRAYSON COUNTY



           Per Curiam. 

O R D E R 

           This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.
           In April 1984, a jury found applicant guilty of four counts of capital murder. The jury
answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article
37.071, and the trial court, accordingly, set applicant’s punishment in each case at death. 
This Court affirmed applicant’s convictions and sentences on direct appeal. Bower v. State,
769 S.W.2d 887 (Tex. Crim. App. 1989). Applicant filed his initial post-conviction
application for writ of habeas corpus in the convicting court on October 2, 1989, pursuant
to Article 11.07 then in effect. The application challenged all four convictions and sentences. 
This Court filed and set each case and ultimately denied applicant relief. Ex parte Bower,
823 S.W.2d 284 (Tex. Crim. App. 1991). Applicant then sought habeas relief in the federal
district court. The district court conducted an evidentiary hearing in June 2000 and
ultimately denied relief in a series of opinions issued in 2002-2004. The Fifth Circuit
affirmed the district court’s decision on September 18, 2007, and the United States Supreme
Court denied applicant’s petition for writ of certiorari on April 21, 2008. 
           The instant application attacking all four convictions and sentences was received in
this Court on June 25, 2008, along with a motion to stay his execution.


 However, before this
Court ruled on the application, we received notice that the trial court had withdrawn the
execution date pending its determination on applicant’s motion for forensic testing. In an
attempt to avoid piecemeal litigation in the case, this Court issued an order on July 21, 2008,
stating that the Court would refrain from acting on the current writ application until the
results of the forensic testing litigation were complete. Ex parte Bower, No. WR-21,005-02
(Tex. Crim. App. July 21, 2008)(not designated for publication). The trial court subsequently
granted forensic testing, and the testing proceeded. 
           Applicant raised four issues in the instant application: (1) actual innocence based
upon newly discovered evidence; (2) Brady violations; (3) a claim that Article 37.071
operated unconstitutionally because his jury did not have a vehicle to properly consider
mitigating evidence; and (4) a claim that executing him after twenty-four years on death row
amounts to cruel and unusual punishment. We held that applicant met the dictates of Article
11.071 § 5 with relation to his first two allegations and remanded those for the trial court to
investigate the claims and develop the record. We made no decision regarding whether the
third allegation met the Section 5 bar, but because the law had evolved with regard to
mitigating evidence, we ordered the trial court to review the third allegation under the
prevailing law and make appropriate findings and conclusions. Ex parte Bower, No. WR-21,005-02 (Tex. Crim. App. June 13, 2012)(not designated for publication). We did not
dispose of the fourth allegation at that time in order to address all allegations together in a
concise fashion.
           Following the completion of the requested forensic testing, holding a live hearing, and
considering the arguments by applicant and the State, the trial court entered findings of fact
and conclusions of law recommending that applicant’s first and second claims be denied. 
After reviewing recent case law, the trial court recommends that the relief sought in
applicant’s third claim be granted. 
           We have reviewed the record and the trial court’s findings of fact and conclusions of
law. Based upon our own review, we deny relief on applicant’s first two claims regarding
actual innocence and Brady violations. We reject the trial court’s findings and conclusions
recommending relief on applicant’s third claim. We have previously held that, unlike the
double-edged evidence in Penry v. Lynaugh,


 the mitigating evidence presented by applicant
during the punishment phase of his trial – evidence of his good and non-violent character,
his good deeds, and the absence of a prior criminal record – was not outside the scope of the
special issues given, nor did it have an aggravating effect when considered within the scope
of the special issues. Ex parte Bower, 823 S.W.2d at 286. The promulgation of more recent
case law by the United States Supreme Court has not changed the definition or nature of what
is considered mitigating evidence; thus, applicant was not constitutionally entitled to a
separate jury instruction at the punishment phase of trial. See, e.g., Penry, 492 U.S. 302
(1989), and Ex parte Jones, No. AP-75,896 (Tex. Crim. App. June 10, 2009)(not designated
for publication)(holding positive personal characteristics are the sorts of evidence that can
be considered within the scope of the former special issues – no Penry issue required). 
Accordingly, the relief applicant seeks is denied. 
           Applicant’s fourth allegation is dismissed.
           IT IS SO ORDERED THIS THE 11th DAY OF JUNE, 2014.

Do Not Publish